Clements *vs.* Collins.

JAMES M. CLEMENTS, plaintiff in error, *vs.* CHARLES W. COLLINS, defendant in error.

1. In a suit upon warranty of title to land, unless it can be ascertained from the evidence that title paramount has been asserted against the warrantee, or some person claiming under him, and that he has yielded to it, or is in a situation requiring him to yield presently, as matter of legal duty, no breach is established—certainly not, if a judgment in ejectment, rendered without notice to the warrantor, is relied upon.

2. There being on the bill of exceptions a regular entry of filing in the clerk's office of the superior court, signed by the clerk, and dated within fifteen days after the date of the judge's certificate, the same is not nullified or vitiated by a subsequent certificate of the clerk, designed to authenticate the bill of exceptions as the true original, and describing it as filed "this day," though the latter certificate be dated after the fifteen days have expired. The reason is, that the entry of filing is the appropriate evidence of the time of filing, and the subsequent certificate that the bill of exceptions is the true original would be complete without stating either the same time or a different time. When official evidence is inconsistent, that which is found in the appropriate instrument of evidence as to the particular matter, should govern, and the inconsistent statement elsewhere be treated as surplusage. This is the same principle which underlies the rulings of this court, touching conflict between the record and the bill of exceptions.

3. The various sheets constituting the transcript of the record being firmly pasted together at the top, so as to be one whole document, it is immaterial in what part of the transcript the clerk's certificate authenticating the same is found. The terms, "above and foregoing,"

used in the certificate, will be construed to apply to the contents of the entire document.

Warranty. Eviction. Practice in the Supreme Court. Bill of exceptions. Certificate. Before Judge PATE. Dooly Superior Court. March Term, 1877.

Reported in the opinion.

S. HALL & SON; W. J. BROWN; J. L. TOOLE, for plaintiff in error.

C. C. DUNCAN; D. A. VASON; R. N. ELY, for defendant.

BLECKLEY, Judge.

A vendor conveyed land by deed, dated in 1859, with general warranty of title. The vendee conveyed, with like warranty, by deed, dated in the same year, and about one month later than the former deed. This action is by the second vendee against the first vendor, for a breach of warranty. The action was commenced in August, 1876. The plea was "not indebted." At the trial, the jury found a verdict for the defendant. The plaintiff moved for a new trial, and the court granted it. Whether the verdict was correct or not, depends upon whether the plaintiff made, by his evidence, a *prima facie* case of eviction under title paramount. The evidence consisted alone of the two deeds, and the record of a recovery, in ejectment, of the premises to which the deeds and the covenants of warranty apply. The action of ejectment was commenced in December, 1869, and judgment for the plaintiffs therein was rendered in May, 1875. The action was in favor of John Doe, on the demises of several lessors, all of them strangers to the present suit. The demises were all laid subsequently to the date of the warranty now in question. They were alleged to have been made in 1868, and the ouster by the casual-ejector was averred to have taken place in that year. The party designated as tenant in possession, and served as such, was the

person who is plaintiff in the present action. So far as the record shows, he made no defense. There is no evidence that he filed any plea, or that he even appeared. There is no evidence that he admitted possession, as the 25th rule of practice in the superior court requires, in order to have the right to defend. Indeed, there is no evidence, save what may be implied in the judgment, that he ever had any actual possession of the premises. The record of the ejectment affords no means of deciding whether the lessors of the plaintiff acquired title before or after the warranty now in suit was made, or from what source their title was derived. For aught that appears, they may have derived title from or through the defendant in ejectment himself. It does not appear that any writ of possession was issued, or that possession had been voluntarily yielded under the judgment. Neither does it appear that the warrantor had any notice of the ejectment suit, or was ever called upon to defend the same.

1. We think the jury found according to the evidence, and that no other verdict was possible, under the true law applicable to the case. In a suit upon warranty of title to land, unless it can be seen from the evidence that title paramount has been asserted against the warrantee, or some person claiming under him, and that he has yielded to it, or is in a situation requiring him to yield presently, as matter of legal duty, no breach is established—certainly not, if a judgment rendered without notice to the warrantor is relied upon. 2 Greenleaf's Ev., section 241 to 244; 3 Phil. Ev., 817; Rawle on Cov., 228, 229. In 4 *Ga.*, 293, the title upon which the recovery was had appeared. So, too, in 5 *Ga.*, 275; further discussed in 24 *Ib.*, 593. In 25 *Ib.*, 566, there was notice; also, in 28 *Ib.*, 289; also, in 32 *Ib.*, 13. In 47 *Ib.*, 516, the warrantor was the original defendant in ejectment. In 33 *Ib.*, 45, the incumbrance was a judgment lien older than the warranty, and the warrantee had resisted unsuccessfully by claim. In 54 *Ib.*, 81, the land had been sold under a judgment against a third person who had been in pos-

session, so as to fix a lien, *prima facie*, and the warrantee had surrendered to the purchaser at sheriff's sale. In 55 *Ib.*, 172, the warrantor had only a bond for titles; judgment had gone against him for purchase money, and, according to the sheriff's testimony, the land was sold *before* the bankruptcy. The second head-note should have embodied this latter fact. The sheriff's testimony indicated that the date of the sale, as entered on the *fi. fa*, was erroneous, and this had an important bearing upon the judgment of affirmance. The case we are now considering is much weaker than any case in our own reports upon which a recovery has been had. It rests upon the judgment in ejectment alone, without any evidence, in the record of that proceeding or out of it, disclosing the particular title which was put in issue. There was no defense, so far as appears, and no possession was admitted so as to make defense possible according to the rule of practice. Notice of the action was not given to the warrantor, and the warrantee had not been put out by the sheriff, nor did he show that he had gone out voluntarily. It seems that he should, at least, have submitted his title to the court and jury, to see whether it was sufficient to protect him; but there is no indication that he had it passed upon, or made any effort to that end. The great and insurmountable defect in the evidence, however, is that it fails to show that the recovery in ejectment was had upon title outstanding at the date of the warranty. Nothing appears which is the least inconsistent with the covenant. Ten years had elapsed when the ejectment suit was brought; and no date in the pleadings or the evidence has any relation whatever to so remote a period in the past. What the judgment in ejectment adjudicates is, that the lessors of the plaintiff had title at the commencement of that action, which was in 1869. But that fact is perfectly consistent with title in the warrantor in 1859. There is nothing to show that the very deed containing the warranty now sued upon, was not a part of the chain of title upon

which the premises were recovered in the action of eject-ment.   The court erred in granting a new trial.

Cited for plaintiff in error 2 Greenleaf's Cruise, top p. 461, n 1; 15 Wend., 427; 3 Watts and S., 407; 2 Metc., 365; 25 *Ga.*, 566; 4 *Ib.*, 593; 5 *Ib.*, 275; Code, §2683. For defendant, Code, §§2702, 2703; 10 *Ga.*, 311; 5 *Ib.* 296; 47 *Ib.*, 516; 32 *Ib.*, 18; 33 *Ib.*, 45; 10 Metcalf, 315; 5 Ohio, 158; Rawle Cov. of Title, 144; 4 Wheat., 231; 54 *Ga.*, 81. For plaintiff in reply, Rawle Cov. of Title, 229; 4 Watts and S., 410.

2, 3. A motion was made to dismiss the writ of error, which was denied, the court holding as set forth in the second and third notes at the head of this opinion.

Judgment reversed.