## LORD *vs.* CANNON.

BREACH OF WARRANTY, FROM BIBB. Jurisdiction. United States Courts. Bankruptcy. Ejectment. Warranty. Judgments. Res adjudicata. Comity. (Before Judge Simmons.)

Hall, J.—1. An action of ejectment between citizens of the same state set out the following facts as giving jurisdiction to the Circuit Court of the United States, in which it was brought, viz: The plaintiff had been adjudged a bankrupt; the land in controversy had been set apart to him as an exemption; and he had been finally discharged. Shortly before his adjudication in bankruptcy, a *fi. fa.* from the Circuit Court had been levied by the United States Marshal, and he proceeded

to sell in spite of the bankruptcy, and the purchaser afterwards conveyed the land, with a warranty of title, to another:

Held that the suit was one arising under the Constitution and laws of the United States, and the Circuit Court had jurisdiction thereof. Const. U. S., Art. 3, §2; Supp. Rev. Stats., U. S., p. 173; Court, Art. 1, §8, Rev. Stats., §711; Stats. at Large, vol. 18, §78, (Act June 22, 1884); 17 Ga., 71, 76, 77 and cites U. S. III, R., 538; 6 Wheat., 378.

(a) The action of ejectment having been brought against the warrantee under the purchaser at the marshal's sale, and the warrantor having been notified of the suit and conducted the defense of it by attorneys, this was in effect a vouching of the warrantor, and he was bound by the judgment rendered, in a subsequent suit on the warranty. 59 Ga., 124, 126.

(b) The cases in 99 U. S., 547 and 5 Sawyer, 39, differ from the present case.

2. The evidence to sustain the plaintiff's case for a breach of covenant or warranty of title was ample, and the judgment awarding a non-suit was error.

3. It is the duty of courts to end and not to protract litigation. A request to give such direction to this case as will enable the defendant to appeal to the Supreme Court of the United States must be denied. Comity to another court forbids it.

Judgment reversed.

J. W. Lindsay; Hardeman & Davis, for plaintiff in error.

Dessau & Bartlett, for defendant.