## OSBURN v. PRITCHARD.

|104  145|
|117  846|

1. A general warranty of title in a deed against the claims of all persons whatever covers defects in the title, including liens and encumbrances, though known to the purchaser at the time of the execution of the deed.
2. In a suit for a breach of warranty, the burden is on the plaintiff to show eviction under an outstanding paramount title or a superior lien upon the land.
3. Where a mortgage executed by one other than the warrantor is of older date than the deed from the vendor to the vendee, and has been foreclosed and a claim filed by the vendee to a levy of the mortgage fi. fa. upon the land, and the land found subject upon the trial of such claim, the consequent eviction of the vendee does not, without more, make out a case of breach of warranty.
4. From the above it follows that the court did not err in charging the jury that, "before the plaintiff in this case can recover, she must show that the mortgagor in this case had title to the property mortgaged, or had a legal right to make this mortgage; and the mere fact that the mortgage is older than the deed from Osburn to Tabor, and was recorded, is not sufficient to authorize you to determine that the title was in the mortgagor; nor would the fact that the property was levied on by execution issued from the judgment of foreclosure of this mortgage, and a claim interposed by the plaintiff, and the judgment finding this property subject to an execution, without notice to Osburn of said claim, be sufficient to show title in the mortgagor." It follows therefore that the court erred in granting a new trial, the evidence demanding a verdict for the defendant.

Argued February 16,—Decided April 12, 1898.

Action for breach of warranty.   Before Judge Fite.   Catoosa superior court.   February term, 1897.

*William E. Mann*, for plaintiff in error.
*Payne & Payne*, contra.

SIMMONS, C. J.   The plaintiff brought an action for damages against the defendant, for breach of a covenant of warranty in a deed to land.   From the evidence it appeared that in June, 1894, the defendant executed a deed conveying the land in question, with a general warranty of title, to a person who subsequently by a like deed conveyed to the plaintiff, and that before that time a judgment had been rendered foreclosing a mortgage upon this land, executed in 1890 to other parties by another person.   To the levy of an execution based on this judgment plaintiff interposed a claim, and upon the trial there

10

was a verdict finding the property subject. The property was then sold at sheriff's sale, and a deed executed to the purchaser, who took possession of the property. The jury returned a verdict for the defendant; and plaintiff's motion for a new trial having been granted, the defendant excepted.

1. The defendant in his plea practically admitted the existence of the mortgage lien at the time he made the deed, but sought to avoid liability by alleging that the plaintiff also knew of the defect in the title, though no evidence was introduced which tended to establish this allegation. But even if the allegation were true, a general warranty of title, in a deed, against the claims of all persons whatever, covers defects in the title, including liens and encumbrances, though known to the purchaser at the time he took the deed. Civil Code, § 3615.

2. Where suit is brought for a breach of warranty on account of the eviction of the plaintiff, he must show either that possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend, or that such eviction was under an outstanding paramount title or superior lien upon the land. Civil Code, § 3617; *Clements* v. *Collins*, 59 *Ga.* 124, and cases cited.

3. The plaintiff seeks to show eviction under paramount title, by showing that a mortgage had been executed by a third person to another person; that this mortgage had been foreclosed, and that an execution based on the judgment in the foreclosure suit had been levied upon the land conveyed to her and of which she was in possession; that she had resisted unsuccessfully this levy, and had been evicted by the purchaser at sheriff's sale. She utterly fails to show any notice to the defendant to appear and defend the suit foreclosing the mortgage. True she shows the judgment in the claim case; and while that was, as between the parties thereto, an adjudication that the mortgagor was in possession of the premises at the date of the mortgage (*Gunn* v. *Jones*, 67 *Ga.* 398; *Morris* v. *Winkles*, 88 *Ga.* 717), it in no way binds the defendant, who was not a party. Had he been vouched into court in the claim case, then the plaintiff would have a perfect case. But she elected to defend the suit herself without any assistance from her war-

rantor; and he not being bound by the judgment, as to him outstanding paramount title in the mortgagor at the time he made the mortgage has not been shown. The mere fact that the mortgage was older than the deed from the defendant, and that a judgment had been rendered foreclosing the mortgage upon this land, is not enough to show paramount title in the mortgagor. Had the defendant been given an opportunity to contest the validity of the mortgage in the claim case, he might have shown it to be invalid. The plaintiff, having failed to give him the notice which the statute requires, and not having shown title paramount in the mortgagor, has not made out her case. These views are precisely in line with those expressed in the case of *Haines* v. *Fort*, 93 *Ga.* 24, where the plaintiff attempted to show eviction under paramount title, by showing that he was sued in ejectment, that he resisted the suit, and that, judgment having been rendered against him for the premises, he yielded possession. There was no evidence that the warrantor had any notice of the ejectment suit, or any opportunity to defend it, nor was there any as to the title under which the plaintiff was ejected. In discussing this case, Lumpkin, Justice, says: "After showing a conveyance to himself by the defendants, he merely proved that an action of ejectment was brought against him by another claiming the land; that in this action a verdict and judgment were rendered adversely to him, and that he surrendered possession in obedience to this judgment. He utterly failed to show that his warrantors had any notice of the ejectment suit, or any opportunity to defend it. There was no positive proof that he was evicted under a title paramount to that he received from Haines and his wife; and in the absence of notice to them of the ejectment suit, there was no presumption to this effect against them." We have carefully examined the various decisions of our court on this subject, and find nothing to conflict with the ruling made in the present case.

4. The charge set out in the headnote being a correct exposition of the law, and the evidence demanding a verdict for the defendant, the court erred in granting a new trial.

*Judgment reversed. All concurring, except Cobb, J., absent.*