## BURNS VEREEN.

FISH, C. J.  1. Eviction, or its equivalent, to constitute a breach of warranty of title, must be founded on a title paramount to that conveyed by the warrantor in the instrument containing the warranty in question. *Davis* v. *Smith*, 5 *Ga.* 274 (14), (47 Am. Dec. 279); *Clements* v. *Collins*, 59 *Ga.* 124; *Osburn* v. *Pritchard*, 104 *Ga.* 145 (2), (30 S. E. 656); *Stiger* v. *Monroe*, 109 *Ga.* 457 (34 S. E. 595).

2. Consequently when, upon the trial of an action for breach of warranty of title to standing timber, the plaintiff, for the purpose of showing such breach, relies upon a judgment of nonsuit rendered against him *in an action of trespass*, which he brought against parties alleged to have cut and removed such timber after he had purchased the same, if the judgment of nonsuit can have such effect, he should, in order to make out a prima facie case for recovery, show, from the evidence introduced by him upon the trial of such trespass case, that the court in rendering the judgment of nonsuit necessarily passed upon the validity of the title held by the warrantor in question at the date of the warranty sued upon. He fails to do this when he merely shows the institution by him of the action of trespass and a judgment of nonsuit therein, without showing that such judgment was rendered after the introduction of evidence which involved a consideration of the title conveyed by the warrantor in the deed containing the warranty sued upon. *Clements* v. *Collins*, supra.

3. Evidence tending to show the existence of an outstanding paramount title, at the date of the warranty sued upon, is wholly insufficient to show a breach of the warranty, unless accompanied by proof that the plaintiff, or some one claiming under him, has been compelled to yield to such title, or that he is in a situation requiring him to do so presently, as a matter of legal duty. *Clements* v. *Collins*, supra; *Haines* v. *Fort*, 93 *Ga.* 24 (3), (18 S. E. 994).

4. Applying these principles to the present case, the verdict in favor of the defendant was absolutely demanded, with or without the evidence introduced by the defendant; and hence it is unnecessary to consider the assignments of error, made in the motion for a new trial, upon the rulings as to the admissibility of evidence introduced by the defendant, and upon instructions given by the trial judge to the jury; and it follows that there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J. (specially concurring). I concur in the judgment, but hold that the qualification contained in the second headnote, expressed in these words, "if the judgment of nonsuit can have such effect," is unnecessary and misleading.

Argued November 6, 1908.—Decided March 11, 1909.

Breach of warranty. Before Judge Mitchell. Colquitt superior court. July 11, 1908.

*J. H. Merrill,* for plaintiff. *Shipp & Kline,* for defendant.