## TURNER *et al.* v. TIDWELL.

HILL, J.   1. In an action for a breach of a covenant of warranty of title to land, the burden is upon the plaintiff to show eviction by reason of a paramount outstanding title. *McMullen* v. *Butler*, 117 *Ga.* 846 (45 S. E. 258); Civil Code, § 4197.

2. Accordingly, where suit was brought by the covenantee against the covenantors to recover damages for the alleged breach of a covenant of warranty of title to a tract of land purchased from the covenantors,

and on the trial of the case the covenantee offered in evidence a judgment of nonsuit in a former suit brought by the covenantee against third persons in possession and claiming to own the land, as evidence tending to show his eviction under paramount outstanding title, and no other evidence was offered by the covenantee tending to show paramount outstanding title, and it did not appear that the covenantors were vouched into court in the former suit and thereby had opportunity to defend the title they had warranted, it was error for the court to direct a verdict for the covenantee. *Burns* v. *Vereen*, 132 *Ga.* 349 (64 S. E. 113); *Haynes* v. *Fort*, 93 *Ga.* 24 (3), 28 (18 S. E. 994); Civil Code, § 5926. And see Morgan *v.* Haley, 107 Va. 331 (58 S. E. 564, 13 L. R. A. (N. S.) 732, 122 Am. St. R. 846, 13 Ann. Cas. 204).

*Judgment reversed. All the Justices concur.*

DECEMBER 12, 1913.

Action for breach of warranty. Before Judge Edwards. Paulding superior court. August 6, 1912.

J. S. Tidwell brought suit against Mrs. M. E. Turner and N. C. Turner, alleging, in substance, that the defendants conveyed to him the lot of land in controversy, and that when he sought to enter and take possession he found R. F. and Rosa Turner in possession. At the time of the making of the deed by M. E. and N. C. Turner to the plaintiff, R. F. and Rosa Turner had the lawful right to the possession of the premises by "an older and better [paramount] title," and held the premises adversely to the plaintiff and still hold him out of possession, etc. The suit was brought for breach of warranty, plaintiff laying his damages at $500. Defendants denied any liability to the plaintiff, and averred that M. E. Turner is a feme covert, the wife of N. C. Turner, and that the execution of the deed upon which the plaintiff sued for breach of warranty was made in settlement of the debt of her husband, and not for a debt of her own. They denied the allegations that R. F. and Rosa Turner had paramount title at the date of the execution of the deed from the defendants to the plaintiff. They did not employ counsel to assist them in defending the suit. The case went to trial, with submission of evidence. The testimony of the plaintiff tended to show that he bought the land from the defendants. After obtaining deed from them he found R. F. and Rosa Turner in possession of it, and he was refused possession. He brought suit against them to recover the land, and had a trial on Dec. 20, 1905, with respect to which he testified: "Mr. and Mrs. Turner [defendants in the present suit] were here; they were here; they were my witnesses; they were present in the court-house in the

trial of the case, and were sworn and took the stand as witnesses." Plaintiff put in evidence a deed from the defendants to himself, conveying the land in dispute, with warranty of title; and also the following order: "Paulding superior court, August adjourned term, 1905. J. S. Tidwell *vs.* R. F. and Rosa Turner. Complaint for land. After hearing the evidence of plaintiff, it is ordered by the court that the case be nonsuited, and that the plaintiff pay the costs of suit. This Dec. 20th, 1905. George F. Gober, J. S. C., Presiding." Defendants offered evidence tending to show title in themselves; and sale of the land under tax execution against N. C. Turner, with sheriff's deed to Allgood; Allgood to Bartlett; and Bartlett to M. E. Turner. There was some conflict of evidence as to whether there was a contract of the wife, M. E. Turner, to settle the debt of her husband by the sale and transfer of the land to her, and as to the amount M. E. and N. C. Turner were to get for it. The court directed a verdict for the plaintiff, and the defendants excepted. There was a motion to dismiss the writ of error, but it was held to be without merit.

*A. L. Bartlett* and *A. J. Camp,* for plaintiffs in error.

*J. S. James,* contra.