### 18064.   McELMURRAY *v.* MARSHALL.

STEPHENS, J.   1. Where the warrantee of a title to land has not yielded to a title paramount and is not in a situation requiring him to presently yield to such a title as a matter of legal duty, no breach of warranty is established. *Clements* v. *Collins,* 59 *Ga.* 124; *White* v. *Stewart,* 131 *Ga.* 460 (62 S. E. 590, 15 Ann. Cas. 1198); *Burns* v. *Vereen,* 132 *Ga.* 349 (64 S. E. 113); *Joyner v. Smith,* 132 *Ga.* 779 (65 S. E. 68).

2. In a suit for a breach of warranty of title to land, where the only allegation in the petition as to the existence of an outstanding title paramount and its effect upon the plaintiff's possession of the land is that "there were heirs outstanding of former predecessors in said title who had a share, claim, and interest in said land and were asserting their right and ownership to the same," it does not appear that the outstanding heirs had any valid title, or, if they had any title, that it had been established or had been asserted in such a manner as to force the plaintiff to yield possession of the land as a matter of legal duty.

3. The petition failed to set out a cause of action, and was properly dismissed on demurrer.

Judgment affirmed. *Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1928.

---

Covenants, 15 C. J. p. 1287, n. 84; p. 1304, n. 2.

Action for breach of contract; from Houston superior court—
Judge Malcolm D. Jones. February 21, 1927.

*R. D. Feagin,* for plaintiff.    *Duncan & Nunn,* for defendant.