KINZY *et al. v.* WADDELL et al.

No. 16212. MAY 14, 1948.

*F. L. Breen* and *S. L. Mascotti*, for plaintiffs.

*Howard, Tiller & Howard*, for defendants.

WYATT, Justice. 1. "When a vendee under a warranty deed has fairly and reasonably paid a sum of money to remove an encumbrance which was outstanding, and was a legal and valid lien on the land at the time of his purchase, he may recover the amount thus paid from his vendors." *Amos* v. *Cosby*, 74 *Ga.* 793; *McEntyre* v. *Merritt*, 49 *Ga. App.* 416 (175 S. E. 661). This court has recognized the right of a vendee to recover an amount paid in partial discharge of an outstanding encumbrance. In *Cheatham* v. *Palmer*, 176 *Ga.* 227, 236 (167 S. E. 522), a petitioner alleged the payment of one of ten instalments on a paving assessment. This court, in holding that the petition was entitled to recover the amount so paid, and that the trial court erred in sustaining a general demurrer to the petition, said: "In the case at bar the plaintiff received from the defendants a warranty of title to the land, which covered and protected him against encumbrance. At that time of the execution of the warranty deed a valid lien and encumbrance for the assessment for paving the street abutting the property was outstanding against the land conveyed. The plaintiff paid one instalment to protect the title to the property; and we are of the opinion that the defendants should give the plaintiff a clear title to this property."

Applying the foregoing rulings, it follows that the petition, in the light of the proffered amendment, established the right of the plaintiffs in the court below, upon proof of the facts alleged, to recover from the vendor the amount actually paid on the outstanding encumbrance. True it is, as urged by the defendants in error, the petition prayed for the recovery of $3500, and no facts were alleged which would authorize a recovery in this amount; but the fact that the prayer was for a larger amount than the facts alleged would authorize would not defeat the right of the plaintiffs to recover a smaller amount upon proper proof.

"The prayer or demand for relief is no part of the plaintiff's cause of action. The sufficiency of the complaint depends not upon the prayer for relief, but upon the facts pleaded; if those facts entitle the plaintiff to any relief, either legal or equitable, although they may not entitle him to all the relief prayed for, the complaint is not subject to demurrer upon the ground that its allegations are insufficient to state a cause of action." 41 Am. Jur. § 110, p. 366. "A petition which alleges an improper measure of damages can not for that reason be dismissed on general demurrer." *James* v. *Dayton Rubber Mfg. Co.*, 57 *Ga. App.* 511 (196 S. E. 298); *Atlantic Coast Line Railroad Co.* v. *Tifton Produce Co.*, 50 *Ga. App.* 614 (179 S. E. 125); *Electric City Brick Co.* v. *Minter*, 38 *Ga. App.* 583 (2) (144 S. E. 824).

For the reasons stated, the judgment of the trial court, refusing to allow the amendment and dismissing the petition, was erroneous.                *Judgment reversed.   All the Justices concur.*