## 38859. KEEL v. ANDERSON.

DECIDED SEPTEMBER 6, 1961.

*Frank Foy Faulk, Jr.*, for plaintiff in error.

*C. B. King*, contra.

FRANKUM, Judge. ■ An obligation in a contract of sale to furnish a "good title" is to promise to furnish a marketable title. *Swinks v. O'Hara*, 98 Ga. App. 542 (106 SE2d 186). See also *Atlanta Title & Trust Co. v. Erickson*, 67 Ga. App. 891 (21 SE2d 548). A marketable title does not necessarily mean one which a title insurance company will insure. *Douglas v. McNabb Realty Co.*, 78 Ga. App. 845 (52 SE2d 550). As stated in *Winer v. Flournoy Realty Co.*, 27 Ga. App. 87 (107 SE 398): "This term imports no more than a marketable title, or one free from reasonable doubt; that is, not only a valid title in fact, but one that can again be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence." "The inability of the vendor of land

to make title according to his contract will give the vendee a cause of action for a breach of the contract, and justify him in refusing to make payments of the purchase price and in asserting a want or failure of consideration, as to any notes executed therefor. . ." *Bank of Commerce v. Knowles,* 32 Ga. App. 800 (124 SE 910); *Lightfoot v. Brower,* 133 Ga. 766 (66 SE 1094). The rule is otherwise where the vendee has entered upon the land purchased and holds undisturbed possession thereof. *Reid v. McCune,* 30 Ga. App. 49 (116 SE 554).

However, any pleading, including a defensive plea, must affirmatively allege ultimate facts relied upon to allege a cause of action or a defense as the case may be. As stated in *Bailey v. B. F. Coggins Granite &c. Industry,* 192 Ga. 72, 74 (14 SE2d 568); "Facts essential to the cause of action should be pleaded positively and in traversable form, not hypothetically." Likewise, averments of a plea of failure of consideration must measure up to this rule. A plea that the defendant "is advised" that there are clouds on the plaintiff's title to the property is not a positive allegation that there are clouds on such title to the property in question, and, accordingly, such allegation is insufficient to raise a defense based upon the contention that the plaintiff was unable to give a good and marketable title in accordance with an agreement to make such title. See *Thompson v. Bank of Chatsworth,* 30 Ga. App. 443 (118 SE 470). An analogous situation is where a party pleads that "he is informed" or "he believes" certain facts exist. An averment that the defendant is informed of certain facts puts in issue only his information and does not constitute an averment of the truth or falsity of the facts referred to. *Bailey v. B. F. Coggins Granite &c. Industry,* supra, and cases cited therein.

The trial court erred in overruling the general demurrer to the defendant's plea.

■ After the plaintiff's motion for a directed verdict had been denied and a mistrial declared, the plaintiff made a motion for a judgment notwithstanding the mistrial. The grounds of this motion are based essentially upon the same grounds urged by the plaintiff relative to his demurrer to the defendant's plea, viz., that the plea was insufficient to set forth a defense, and, accord-

ingly, the proof of such plea, in every. detail, failed to afford the defendant a defense, and, therefore, the plaintiff, who, upon trial of the case introduced evidence to prove the averments of his petition, should be entitled to a judgment notwithstanding the mistrial.

The ruling of the trial court upon the sufficiency of the defendant's plea established the law of the case until reversed or set aside. *Bridges v. Brackett*, 208 Ga. 774 (69 SE2d 745); *Harris v. McDaniel*, 92 Ga. App. 299, 302 (88 SE2d 442). "The record as it exists at the close of the trial controls as to whether the verdict should be directed and as to whether the motion for judgment notwithstanding verdict should be granted." *Wooten v. Life Ins. Co. of Ga.*, 93 Ga. App. 665, 670 (92 SE2d 567). The court went on to rule in the *Wooten* case, that when considering a motion for a judgment notwithstanding the verdict, it would be improper to eliminate evidence on the ground that it was improperly received and then "dispose of the case on the basis of the diminished record." Likewise, it would be incorrect to either strike a plea which had erroneously been determined as being sufficient to state a defense, or rule that evidence introduced to prove the allegations of such plea was insufficient to support a valid defense. The trial court, at this stage of the case, was bound by the previous ruling which had not .been reversed or set aside, and accordingly, it was not error to overrule the motion.

Moreover, the plaintiff's petition shows that he was seeking to recover $1,000 attorney's fees as expenses of litigation in addition to the face amount of the check sued upon. It is nowhere shown in the record that the plaintiff abandoned his claim for attorney's fees when making his motion for a. directed verdict. Accordingly, the trial court did not err in overruling the motion for a judgment notwithstanding the mistrial, because the question of expenses of litigation is one peculiarly for the jury.

*Judgment reversed in part; affirmed in part. Townsend, P. J., and Jordan, J., concur.*