## 47970. McGEE v. HAYNES.

PANNELL, Judge. The alleged error of the trial judge in dismissing plaintiff's tort action against the defendant arising out of an automobile collision between the plaintiff's automobile and the defendant's automobile, for failure to join as an indispensable party the driver of plaintiff's automobile, is controlled by the ruling of this court in the case of *North Carolina Nat. Bank v. Peoples Bank of LaGrange,* 127 Ga. App. 372 (193 SE2d 571).

While it is true the above case was decided prior to the amendment of 1972, amending Section 19 of the Civil Practice Act (Ga. L. 1972, pp. 689, 694; Code Ann. § 81A-119) that amendment made no such changes as would prevent the rationale of the above decision from applying to the section as amended. See 3A Moore's Federal Practice, p. 2362 et seq., where the application of the similar Federal Rule 19 (similarly amended in 1966) to joint obligors or joint and several obligors and

joint tortfeasors is discussed, and where it is said (p. 2364): "Tortfeasors are not indispensable or necessary since their liability is both joint and several." The trial court erred in dismissing plaintiff's action with prejudice because of plaintiff's failure to include the driver of his automobile as a party defendant.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*
SUBMITTED MARCH 7, 1973—DECIDED APRIL 3, 1973.

*Scott Walters, Jr.,* for appellant.
*Richard D. Ellenberg,* for appellee.