## 48453. SMITH v. SMITH.

EBERHARDT, Presiding Judge. E. L. Smith, Sr. and E. L. Smith, Jr. brought suit against D. B. Smith to recover an alleged loss due to a breach of warranty of the title to lands described in a deed, the defendant being a remote grantor in the chain of title. E. L. Smith, Sr. later voluntarily dismissed as to himself, leaving the suit to proceed with E. L. Smith, Jr., the last grantee in the chain of title, as sole plaintiff.

Thereafter the defendant moved to add as parties plaintiff Joseph Henry Smith, Eleanor K. Smith and E. L. Smith, Sr., who were intermediate warrantors in the chain of title between the defendant D. B. Smith and plaintiff E. L. Smith, Jr., alleging that these intermediate warrantors have an interest in the outcome of the litigation, that their presence as parties was necessary to afford adequate and complete relief between the parties, and that joining them as parties would avoid a multiplicity of suits. The joinder was sought under CPA § 19 (Code Ann. § 81A-119). Defendant's motion was granted, and under a certificate of appealability plaintiff appeals. *Held:*

Where there has been a breach of the warranty of title to land the last grantee has a right of action against and may sue his immediate warrantor, the remote or original warrantor, or any intermediate warrantor, or any or all of them in one action. *Redwine v. Brown,* 10 Ga. 311 (7); *Croom v. Allen,* 145 Ga. 347 (1) (89 SE 199); *Sawyer Coal & Ice Co. v. Kinnett-Odom Co.,* 192 Ga. 166, 169 (14 SE2d 879); *McEntyre v. Merritt,* 49 Ga. App. 416 (175 SE 661); Code §§ 29-301, 29-303. The measure of damages is as provided in Code § 20-1412.

It is to be noted that in bringing his action the last grantee has the right to *select* whom he will name as defendants, in much the

same manner as a plaintiff may select which of joint tortfeasors he will sue. And "[t]he right to recover for a breach of warranty cannot exist in an intermediate warrantor and the last warrantee at the same time." *Robertson v. Webster,* 79 Ga. App. 30 (2) (52 SE2d 511). Consequently, it is improper to require the joinder of intermediate warrantors as parties defendant or as involuntary plaintiffs. See and compare *North Carolina Nat. Bank v. Peoples Bank of LaGrange,* 127 Ga. App. 372 (193 SE2d 571), affirmed in 230 Ga. 389 (197 SE2d 352); *Garrett v. Garrett,* 128 Ga. App. 594 (197 SE2d 739); *McGee v. Haynes,* 128 Ga. App. 709 (197 SE2d 767).

An action to reform a deed is a very different thing. It proceeds on an entirely different basis, and the cases of *Mims v. Lifsey,* 192 Ga. 366 (15 SE2d 440), and *Volunteer State Life Ins. Co. v. Powell-White Co.,* 196 Ga. 372 (26 SE2d 815), holding that in such an action all who are interested adversely in the reformation should be joined as parties, have no application here.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1973 — DECIDED SEPTEMBER 12, 1973.

*John R. Harvey,* for appellant.
*Richard D. Phillips, M. Francis Stubbs,* for appellee.