### 51826. TEEMS et al. v. CITY OF FOREST PARK.

QUILLIAN, Judge.

The City of Forest Park, Georgia, acquired title to a tract of land within its corporate limits in 1956 by warranty deed which contained the following restrictive clause: "The within conveyed property may only be used for a park, play ground or for the benefit of citizens of the City of Forest Park, and may not be resold."

On September 19, 1973, the city conveyed this property by warranty deed to defendants. Neither the city nor the defendants made or caused to be made a search of the title to this property. After acquiring the land defendants moved a house upon the property and paid the city $220 for permits and fees. Upon discovery of the restrictive clause in the first deed discussions were undertaken by the parties but no agreement could be reached.

The city filed this action for "declaratory judgment and injunctive relief" asking — inter alia, the court to issue a declaratory judgment as to the validity of the restrictive covenant, that the deed be declared void, and the property reconveyed to the city at the same price paid by the defendants. Defendants filed a cross claim for damages and improvements made upon the land.

The court's declaratory judgment voided the warranty deed between the parties, directed the property be held by the city in trust, that the city return to defendants the purchase price and permit and fees, that defendants be permitted to remove the improvements they attached to the property, and record title be corrected by reconveyance or decree of court. The court also held that damages, if any, were not considered and remained a jury issue.

Plaintiff then filed a motion to dismiss defendant's

amended cross action as defendant sought damages for breach of a warranty contained in a deed to real property — citing Code § 20-1412, which provides, in pertinent part, that for a breach of covenant of warranty of title to land, "the damages should be the purchase money with interest thereon. . ." The plaintiff's motion was sustained and defendant was granted $48 interest. Defendants appeal. *Held:*

1. The general rule in Georgia is that on a breach of warranty of title to land, the measure of damages is the purchase money, with interest. Code § 20-1412; *Taylor v. Allen,* 131 Ga. 416, 419 (4) (62 SE 291); *Smith v. Smith,* 129 Ga. App. 618 (200 SE2d 504); but see *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.,* 86 Ga. App. 442, 447 (71 SE2d 670). Any wording in *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.,* supra, which is inconsistent with this opinion is disapproved.

A breach of a covenant of warranty, if breached at all, is at least technically breached when the covenant is entered into and the damages are therefore to be assessed in accordance with the conditions as they existed at that time. 61 ALR 182.

2. Although defendant's cross claim sounded in law and equity, Code § 20-1412 provides the full measure of his legal damages, and the Georgia Supreme Court returned this case to us holding that "[t]his is an issue of law which falls within the appellate jurisdiction of the Court of Appeals of Georgia." Accordingly, as the defendant has been provided his legal remedy and the Supreme Court has determined that no equitable issue is presented, the judgment of the trial court will be affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Submitted February 4, 1976 — Decided February 20, 1976.

*Richard E. Reiter, Jr.,* for appellants.

*Hutcheson & Kilpatrick, Kenneth Kilpatrick,* for appellee.