64922. AKINS v. JONES et al.

BANKE, Judge.
Appellant Akins brought this action against appellees Jones and Milam to recover damages resulting from an alleged defect in the title to a house she had purchased from Milam and his ex-wife in 1976. Appellee Jones is the attorney who prepared the closing documents concerning the 1976 purchase. When the appellant attempted to sell the house in 1979, the attorney for the purchaser's lending institution refused to certify clear title to the property because of a contingent interest in the property owned by Milam's daughter. That interest was created by a jury verdict in a 1975 divorce action between Milam and his ex-wife, who is the appellant's sister. The pertinent portion of the verdict reads: "We, the jury, award the plaintiff custody of the house on 312 Kingston Avenue with the stipulation that upon her remarriage or death this house would revert to Mr. Roy Watson Milam, or if he should be deceased, to his daughter, Martha." Having knowledge of the divorce decree, the appellee Jones prepared for the appellant both a quitclaim deed from Milam's ex-wife conveying her interest and a warranty deed from Milam. These documents were executed in October of 1976. Jones had previously represented Milam's ex-wife in the divorce action. This action sought damages from Jones for negligence in failing to deal with the contingent interest of Milam's daughter and from Milam for breach of the warranty contained in the warranty deed. The complaint also alleged fraud, but the appellant is no longer pursuing that claim. This appeal is from the grant of summary judgment in favor of both Jones and Milam. *Held:*

1. The trial court correctly determined that the negligence action against Jones was barred by the 4-year statute of limitation applicable to an attorney malpractice action. Code Ann. § 3-706. "In an action for damages against an attorney at law for unskillfulness or negligence, the statute of limitation runs from the date of the breach of the duty and not from the time when the extent of the resulting injury is ascertained nor from the date of the client's discovery of the error." *Jankowski v. Taylor, Bishop & Lee,* 154 Ga. App. 752, 755 (269

SE2d 871) (1980), affirmed 246 Ga. 804 (273 SE2d 16) (1980). Here the alleged negligence occurred more than four years prior to the filing of the action in May 1981.

2. In granting summary judgment in favor of Milam on the breach of warranty allegation, the trial court found that "no paramount title or claim appears to have been made against [appellant], and no facts appear showing interference with her peaceful possession of the property. The only conceivable claimant is Martha Fay Milam, daughter of [appellee] Milam, who has made no claim, and tenders into court her deed to [appellant]." "Evidence tending to show the existence of an outstanding paramount title, at the date of the warranty sued upon, is wholly insufficient to show a breach of the warranty, unless accompanied by proof that the plaintiff, or someone claiming under him, has been compelled to yield to such title, or that he is in a situation requiring him to do so presently, as a matter of legal duty." *Burns v. Vereen,* 132 Ga. 349 (3) (64 SE 113) (1909). There being no such evidence, the trial court correctly granted summary judgment to the appellee.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 17, 1982 —
REHEARING DENIED DECEMBER 7, 1982 —

*Malcolm G. Lindley, Charles M. Cork III, W. Carl Reynolds,* for appellant.

*Oscar M. Smith, John T. Minor IV, Sara Nell Langland, Wayne W. Gammon,* for appellees.