A91A0715. NORTHSIDE TITLE & ABSTRACT COMPANY, INC.
v. SIMMONS.
(409 SE2d 885)

CARLEY, Judge.

A simplified statement of the facts, insofar as they are relevant, is as follows: Appellee-defendant Ms. Cynthia Simmons and her co-tenant conveyed property to Ms. Jean Wooster. At the time of this conveyance, there was a federal tax lien against the property. Wooster subsequently conveyed the property to Fulton Federal Savings & Loan Association of Atlanta (FFS&L). At the time of this conveyance, there was still a federal tax lien against the property. After the federal tax was paid and the lien was removed, FFS&L assigned its claim for breach of warranty to appellant-plaintiff Northside Title & Abstract Company, Inc. Appellant, as FFS&L's assignee, filed suit for breach of warranty against appellee. After discovery, cross-motions for summary judgment were filed. The trial court granted summary judgment in favor of appellee and denied appellant's motion. Appellant appeals from the trial court's order on the cross-motions for summary judgment.

The evidence of record demonstrates that appellee and her co-tenant conveyed the property to Wooster by *general warranty deed.* "A general warranty of title against the claims of all persons includes covenants . . . of freedom from encumbrances." OCGA § 44-5-62. At the time of this conveyance to Wooster, the property was *not* free of encumbrances. Accordingly, appellee, as well as her co-tenant, would be liable to Wooster for the breach of their general warranty. *Ashburn v. Watson*, 8 Ga. App. 566 (2) (70 SE 19) (1911). Wooster subsequently conveyed the property to FFS&L by a security deed containing a limited warranty of "title to the property against all claims and demands, *subject to any encumbrances of record.*" (Emphasis supplied.) At the time of this conveyance to FFS&L, the encumbrance on the property had not been removed. However, Wooster could not be liable to FFS&L for a breach of her limited warranty because the encumbrance was "of record."

Wooster's non-liability to FFS&L for a breach of her subsequent limited warranty would not, however, prevent FFS&L from recovering against appellee and her co-tenant for the breach of their original general warranty. "The *purchaser of lands* obtains with the title, whether conveyed to him at public or private sale, all the rights which *any former owner of the land* under whom he claims may have had by virtue of any covenants of warranty of title, of quiet enjoyment, or

of freedom from encumbrances contained in the *conveyance from any former grantor* unless the transmission of such covenants with the land is *expressly prohibited in the covenant itself.*" OCGA § 44-5-60 (a). FFS&L was a purchaser of lands from Wooster. Appellee and her co-tenant, as Wooster's grantors, had given her a general warranty. The general warranty given by appellee and her co-tenant to Wooster did not expressly prohibit its transmission to subsequent owners. Accordingly, the general warranty given by appellee and her co-tenant to Wooster passed from Wooster to FFS&L. "Under the laws of this State, unless the covenant expressly negatives *such transmission*, a covenant of warranty of title, of quiet enjoyment, and of freedom from incumbrances, *made by any grantor*, passes with the land to *subsequent purchasers.*" (Emphasis supplied.) *Tucker v. McArthur*, 103 Ga. 409 (1) (30 SE 283) (1897). Since the general warranty given by appellee and her co-tenant to Wooster had passed from Wooster to FFS&L, FFS&L could sue appellee and her co-tenant for the breach of their general warranty. See *Smith v. Smith*, 129 Ga. App. 618 (200 SE2d 504) (1973).

Although, as FFS&L's assignee, appellant acquired no greater rights against appellee than FFS&L had against her, appellant likewise acquired no lesser rights. Since FFS&L had a cause of action against appellee for breach of warranty, it follows that appellant, as FFS&L's assignee, acquired the right to recover against appellee. A review of the record shows that no genuine issue of material fact remains as to appellee's liability to appellant for breach of general warranty. It follows, therefore, that the trial court's rulings on the cross-motions for summary judgment were erroneous and must be reversed.

*Judgments reversed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Beasley, Cooper and Andrews, JJ., concur. Banke, P. J., dissents.*

BANKE, Presiding Judge, dissenting.

I must respectfully dissent.

The tax lien in question was predicated on taxes owed by the husband of the co-tenant with whom the appellee had owned the property, and it is apparent without dispute from the record that the appellee had no knowledge of its existence at the time she and her co-tenant sold the property to Wooster. The majority nevertheless holds that the appellant, which was retained by the title insurance company for Fulton Federal Savings & Loan Association to examine the title to the property prior to the closing, has a claim against the appellee for its own oversight in failing to discover the lien. The majority reaches this result by way of its conclusion that Fulton Federal was entitled under OCGA § 44-5-60 (a) to the full benefit of the unrestricted warranty of title contained in the warranty deed which Wooster received

from the appellee, even though the security deed which it received from Wooster specified that its title was "subject to encumbrances of record."

If the court's interpretation of OCGA § 44-5-60 (a) is correct, then the appellee would be equally liable to Fulton Federal and its assigns for the amount of tax lien even if the latter's security deed had specifically referenced the lien and stated that the conveyance was being made subject to it. Believing that such an interpretation of the statute cannot be squared with common sense and further believing that it leads to a manifestly unjust result when applied to the facts of this case, I would affirm the judgment of the trial court.

DECIDED JULY 31, 1991 —
RECONSIDERATION DENIED SEPTEMBER 3, 1991 —

*Gort, Hassett, Cohen & Beitchman, Robert W. Hassett,* for appellant.
*Robert J. Hipple,* for appellee.