### A94A0617. HITCHCOCK v. TOLLISON et al.
(444 SE2d 844)

BIRDSONG, Presiding Judge.

This is an appeal from the judgment of the superior court in favor of appellees/plaintiffs. Appellant sold appellees certain real property and tendered appellees a warranty deed granting and conveying said property in fee simple; at the time, appellant had a mortgage on the premises that was not disclosed to appellees. The warranty deed delivered to appellees contained the following notation

typed at the top: "No Title Examination Was Made In Preparation Of This Deed." At the time of purchase, appellees executed a deed to secure debt with appellant as grantee for the purchase price of the premises. Appellees subsequently failed to make payments to appellant, allegedly due to their late discovery of the existence of a security deed previously delivered by appellant to a third-party bank. However, at the time of their quitting of the realty, some evidence of record exists that appellees were in arrear on their monthly payments, and had filed for bankruptcy. Appellees also failed to pay taxes on the premises. At the time appellees quit making payments, appellant had maintained all payments due on his security deed and there was no adverse claim pending in the courts challenging appellees' possession of the premises under color of title in fee simple. Appellees sued for breach of the warranty of title asserting, inter alia, the breach of warranty of freedom from encumbrances and breach of warranty of right to sell; appellant counterclaimed against appellees for breach of deed covenants by failing to pay taxes. The jury rendered a verdict in favor of appellees/plaintiffs on the main claim and against appellant/cross-plaintiff on the counterclaim. *Held*:

1. Appellant claims the trial court erred in denying his motion for summary judgment; pretermitting this issue is whether reversible error occurred in denying appellant's motion for directed verdict. See Division 2 below.

2. Appellant, citing *Turner v. Tidwell*, 141 Ga. 123 (80 SE 901); *Burns v. Vereen*, 132 Ga. 349 (64 SE 113); *Clements v. Collins*, 59 Ga. 124; *Akins v. Jones*, 164 Ga. App. 705 (297 SE2d 341); and *McElmurray v. Marshall*, 37 Ga. App. 725 (141 SE 670), contends the superior court erred in denying his motion for directed verdict. In essence appellant argues that, as a matter of law, the evidence fails to give rise to a jury issue as to breach of warranty of title, because there has been no showing appellees were forced to yield to a paramount title as "appellant paid all the payments on the outstanding security deed and the only reason the appellees lost their title was because of their own default on the security deed to appellant." Appellees argue that a jury issue exists as to the breach of warranty of freedom from encumbrances, and that this breach occurred at the time of execution of the warranty deed by appellant to appellees as grantees and without the necessity of an actual or constructive eviction arising from a third-party claim of paramount title. (We note that in an equity case none of these parties could have appeared with spotless clean hands.)

Appellees' citations to *West v. Lee*, 57 Ga. App. 873 (197 SE 75) and *Cook v. Pollard*, 50 Ga. App. 752 (179 SE 264) (implied full warranty of title arising from sale of personalty) are inapposite as to this issue; also inapposite are suits for breach of executory contract. See generally *Walter L. Tally, Inc. v. Council*, 109 Ga. App. 100 (135

SE2d 515); *Keel v. Anderson*, 104 Ga. App. 296 (1) (121 SE2d 505). However, in *Teems v. City of Forest Park*, 137 Ga. App. 733, 734 (225 SE2d 87), it was held that damages arising from a breach of warranty of title to land should be assessed in accordance with the conditions existing at the time when the covenant was entered, because "[a] breach of a covenant of warranty, if breached at all, is at least technically breached when the covenant is entered into." In *Northside Title &c. Co. v. Simmons*, 200 Ga. App. 892 (409 SE2d 885), where a warranty deed was delivered notwithstanding an existing federal tax lien on the property, it was stated that "[a]t the time of this conveyance . . . the property was *not* free of encumbrances. Accordingly, appellee, as well as her co-tenant, would be liable to Wooster for the breach of their general warranty." However, appellant was not, in fact, assigned the claim for breach of warranty until "[a]fter the federal tax was paid and the lien was removed." Id. Thus, the encumbrance had been discharged before appellant was assigned the claim.

OCGA § 44-5-62, which modifies common law, provides: "A general warranty of title against the claims of all persons includes covenants of a right to sell, of quiet enjoyment, and of freedom from encumbrances." In *White &c. v. Stewart &c. Co.*, 131 Ga. 460 (1) (62 SE 590), the Supreme Court observed: "These sections of the code [formerly Civil Code §§ 3614 and 3617; currently OCGA §§ 44-5-62 and 44-5-64, respectively] clearly indicate that the distinction between the covenants of right to convey and of warranty, usually recognized in most jurisdictions, no longer exist in this State in so far as to what is necessary to constitute a breach of such covenants. Under the code the general warranty of title against the claims of all persons practically stands for the covenant of warranty at common law, and includes in itself what was there known as the covenant of good right to convey. This court has frequently held, that 'In an action for the breach of a covenant of warranty of title the burden is upon the plaintiff to show eviction under a paramount outstanding title.' . . . The rule seems to be everywhere recognized that to constitute a breach of the covenant of warranty, or for quiet enjoyment, an eviction or equivalent disturbance by title paramount must occur, and that the mere existence of an outstanding paramount title will not constitute a breach." See *Akins*, supra at 706 (2) and *McElmurray v. Marshall*, supra; compare *Burns v. Vereen*, supra at 349 (3); *McMullen v. Butler & Co.*, 117 Ga. 845 (1) (45 SE 258) and *Reid v. McCune*, 30 Ga. App. 49 (116 SE 554).

Whether the existence of the prior security deed created an encumbrance rather than an outstanding title against the realty (compare definition of encumbrance in *Walter L. Tally, Inc. v. Council*, supra at 102), no actual eviction was necessary. *Weatherly v. Parr*, 72 Ga. App. 883, 886 (35 SE2d 381). However, a showing of mere exis-

tence of an encumbrance has been held to be insufficient. In *Cheatham v. Palmer*, 176 Ga. 227, 235 (167 SE 522), it was held that, under the statutes of this state (OCGA §§ 44-5-62; 44-5-63), "there is embraced in the term general warranty, by implication, certain specific warranties which the common law required to be express. In order to recover on a warranty of seizin, the loss of seizin (that is, eviction,) had to be proved. . . . [O]n a covenant against encumbrances, the only condition precedent to a right of action [is] the outstanding of a valid encumbrance at the date of the covenant affecting the property conveyed, *and its discharge* by the covenantee." (Emphasis supplied.) Accord *Sawyer Coal &c. Co. v. Kinnett-Odom Co.*, 192 Ga. 166, 170 (4) (14 SE2d 879) (actual eviction not necessary if plaintiff in good faith discharged the encumbrance or acquired a paramount title presently about to be enforced against him); *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.*, 86 Ga. App. 442, 443 (1) (71 SE2d 670), overruled on other grounds, *Teems v. City of Forest Park*, supra at 734 (1); see *Weatherly v. Parr*, supra. The record reveals no evidence, direct or indirect, that appellees ever discharged an alleged encumbrance or acquired an outstanding paramount title that was about to be enforced against them in regard to the property at issue. Accordingly, the trial court erred in denying appellant's motion for directed verdict. *Cheatham v. Palmer*, supra; *Sawyer Coal &c. Co. v. Kinnett-Odom Co.*, supra; *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.*, supra; *Weatherly v. Parr*, supra; compare *Kinzy v. Waddell*, 203 Ga. 689, 691 (1) (47 SE2d 872) (general warranty deed as to title delivered at time outstanding loan deed executed by grantor existed) with *Osburn v. Pritchard*, 104 Ga. 145 (30 SE 656) (general warranty deed as to title delivered at time outstanding mortgage executed to third parties by another person existed).

In view of this holding, the other enumerations of error by appellant need not be addressed.

*Judgment reversed. Cooper, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I must concur specially with the majority as we are constrained to follow our precedent requiring plaintiff to establish an actual or constructive eviction under paramount outstanding title prior to an action for breach of warranty of title. See *Akins v. Jones*, 164 Ga. App. 705 (297 SE2d 341) (1982); *McElmurray v. Marshall*, 37 Ga. App. 725 (141 SE 670) (1927); *Burns v. Vereen*, 132 Ga. 349 (64 SE 113) (1909); *McMullen v. Butler & Co.*, 117 Ga. 845 (45 SE 258) (1903); *Reid v. McCune*, 30 Ga. App. 49 (116 SE 554) (1923). Such a requirement is not contemplated by the statute which provides "[i]n actions for breach of warranty of title, the burden of proof is on the

plaintiff *except* in cases where outstanding encumbrances have been paid off or possession has been yielded as a consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." (Emphasis supplied.) OCGA § 44-5-64. Furthermore, we have previously determined that "[a] breach of a covenant of warranty, if breached at all, is at least technically breached when the covenant is entered into and the damages are therefore to be assessed in accordance with the conditions as they existed at that time." *Teems v. City of Forest Park*, 137 Ga. App. 733, 734 (225 SE2d 87) (1976). If the covenant is breached at the time it is entered, the additional element developed by the courts, i.e., constructive or actual eviction, is unnecessary and merely increases damages which may or may not be recoverable. See id.

DECIDED MAY 26, 1994 —
RECONSIDERATION DENIED JUNE 8, 1994 — 

*Joel D. Burns,* for appellant.
*D. Wayne Rogers*, for appellees.