## A98A1065. HOMELAND COMMUNITIES, INC. v. RAHALL & FRYER, P. C.
### (509 SE2d 714)

POPE, Presiding Judge.

This case involves a dispute over a tax lien encumbrance on property which Homeland Communities sold to Joel Selanikio. The state court granted summary judgment to Rahall & Fryer, P. C., Selanikio's assignee, for the principal sum of $13,288.84, attorney fees of $3,970.03, pre-judgment interest of $2,591.29, plus post-judgment interest. Homeland Communities appeals. For the following reasons, we affirm the judgment, but reverse the award of pre-judgment interest and attorney fees, and remand the case to the state court for proceedings consistent with this opinion.[1]

In June 1994, Homeland Communities acquired the subject property through foreclosure proceedings from Raycine and Marilyn Parson. About ten months later, in April 1995, Homeland Communities sold the subject property to Selanikio. David Rahall of Rahall & Fryer was the closing attorney and settlement agent for the lender, BankSouth Mortgage. Jeanine Goddard was the settlement agent for Homeland Communities.[2]

---

[1] As the decision in this opinion implicitly indicates, we deny Rahall & Fryer's motion to dismiss the appeal.

[2] There was evidence from Goddard's affidavit that before the closing she expressed

The warranty deed by which the property was transferred provided: "Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever." In connection with the closing, Rahall & Fryer prepared an "Acknowledgement and Receipt of Settlement Statement," which provided: "Seller warrants the correctness of all payoff amounts for outstanding liens and encumbrances; if any deficiency occurs, Seller shall promptly remit the same to the settlement agent." The document then stated: "If the proration of taxes and assessments was made on estimated amounts prior to receipt of current actual bills, Purchaser and Seller agree to adjust the prorations shown on the Settlement Statement between themselves when current actual bills are received. The payment of all outstanding taxes and assessments not paid at settlement are assumed by Purchaser. . . . Seller warrants that all required tax returns and applicable exemption applications have been filed for the current tax year. Seller further agrees to reimburse Purchaser for any penalties caused by Seller's failure to file a proper and timely tax return." The document was signed by Goddard, as agent for Homeland, and by Selanikio.

After closing, Selanikio received notice of the encumbrance on the property. The record contains evidence of a statement, dated May 2, 1995, which Sexton Tax Service sent to Tatum, the attorney who examined title for Rahall & Fryer, showing the existence of tax liens on the property for 1991, 1992, and 1993. According to Homeland's interrogatory responses, Homeland did not discover the liens until February 1996 — Homeland claimed that Rahall & Fryer had been aware of the liens before closing. Rahall & Fryer claimed that due "to a misinterpretation of the real estate tax report which had been obtained for the closing, Plaintiff mistakenly believed that the 1991, 1992, and 1993 real estate taxes had been paid." In attorney David Rahall's affidavit he acknowledges that he received the tax report which had been ordered, but states that the report was misinterpreted.

The record contains the Fulton County Sheriff's "Notice of Execution of Tax Levy" to Selanikio, dated February 16, 1996, which lists the outstanding taxes due. When Selanikio became aware of the liens, he requested that Homeland clear the encumbrance. Homeland refused to do so; Rahall & Fryer paid the outstanding taxes; and Selanikio assigned his cause of action to the law firm. Rahall & Fryer brought suit against Homeland and Homeland filed a third-party

---

concern to Rahall that there "might be existing encumbrances" on the property. Goddard stated that Rahall assured her that all existing encumbrances were listed on the closing statement and that a comprehensive title search had been performed on the property.

complaint against the Parsons seeking an order that they pay the outstanding taxes on the property. Rahall & Fryer moved for summary judgment, which the state court granted and Homeland appeals.

1. Homeland contends that the court erred in granting summary judgment because a factual issue exists as to whether Selanikio's assignment of his cause of action was valid. Specifically, Homeland argues that any valid cause of action was extinguished upon Rahall & Fryer's payment of the outstanding debt — which occurred before the assignment of the cause of action. This argument is without merit.

Pretermitting issues regarding Homeland's standing to raise this argument, a covenant of freedom from encumbrances in a warranty deed, if breached at all, is breached at the time of its execution. *Teems v. City of Forest Park*, 137 Ga. App. 733, 734 (1) (225 SE2d 87) (1976); accord *Hitchcock v. Tollison*, 213 Ga. App. 477, 479 (2) (444 SE2d 844) (1994) (physical precedent only). Thus, if the covenant was breached here, it was breached at the time of the closing. The fact that outstanding taxes were paid before the assignment occurred does not determine whether Rahall & Fryer could maintain the cause of action.

Furthermore, the evidence sufficiently established that the assignment was supported by the necessary consideration and the other requisites of an assignment. See generally *Bank of Cave Spring v. Gold Kist*, 173 Ga. App. 679, 680 (1) (327 SE2d 800) (1985); *Northside Title &c. Co. v. Simmons*, 200 Ga. App. 892 (409 SE2d 885) (1991); compare *Benton v. Gaudry*, 230 Ga. App. 373 (2) (496 SE2d 507) (1998) (assignment invalid when made by the previous owner who had no interest to assign).

2. Homeland argues that an issue of fact exists because of the misfeasance of Rahall & Fryer.[3] Homeland also argues that Rahall & Fryer was estopped from recovery because of its false representations regarding the status of any liens. These arguments lack merit.

There was no evidence of any misfeasance so as to bar recovery on the part of Rahall & Fryer. And, as a matter of law, Homeland did not justifiably rely on the representations made by the law firm. See generally *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754 (2) (371 SE2d 217) (1988). Homeland's agent Jeanine Goddard admitted

---

[3] Although not enumerated as error, Homeland raises arguments regarding the ambiguity of the documents executed in the closing. Because they are outside the scope of enumerated error, these arguments will not be addressed. In any case, the alleged ambiguous portion of the settlement statement, which states that the buyer will pay the outstanding taxes, clearly refers to the taxes outstanding for the current year. This provision of the settlement statement does not cancel the other provision in the statement, or the representation in the warranty deed that the seller is responsible for this encumbrance.

in her affidavit that she "expressed concern that there might be existing encumbrances on the Edgewood property" to the agent for the bank, Rahall. As the seller's agent, Goddard certainly had the access to look into this matter. Nevertheless, there is no evidence that Goddard investigated this matter, asked to examine the title search documents or otherwise pursued the issue in any manner other than by relying upon Rahall's representation.

As an assignee of the contract, Rahall & Fryer assumed the rights under the contract from Selanikio, and was subject to all defenses which could have been raised against him. See generally *Pridgen v. Auto-Owners Ins. Co.*, 204 Ga. App. 322, 323 (419 SE2d 99) (1992); OCGA §§ 44-12-24; 44-5-62; 44-5-63. Homeland's position that these defenses, which are specific to Rahall & Fryer, bar its action against Homeland is meritless.

3. Homeland contends, and Rahall & Fryer agree, that the court's computation of the amount of pre-judgment interest was erroneous in that the court calculated interest pursuant to OCGA § 7-4-16, which applies to commercial accounts, at a rate of one and one-half percent per month. Accordingly, this portion of the award must be reversed and the case remanded to the state court with direction that it re-calculate the amount of pre-judgment interest owing on the principal amount of $13,288.84. Interest shall be calculated at seven percent per annum in accordance with OCGA §§ 7-4-15 and 7-4-2 (a) (1). See *Turner Constr. Co. v. Elec. Distributors*, 202 Ga. App. 726, 727 (3) (415 SE2d 325) (1992).

4. Homeland also contends that the award of attorney fees was erroneous. Again we agree. " 'Where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense the jury may allow expenses of litigation.' OCGA § 13-6-11. A plaintiff may not recover expenses of litigation for stubborn litigiousness where a bona fide controversy exists." (Citations and punctuation omitted.) *Forester v. McDuffie*, 189 Ga. App. 359, 360 (1) (375 SE2d 488) (1988). In this case, there was a bona fide controversy regarding whether Rahall & Fryer, as the assignee, could recover from Homeland. Further, the evidence did not establish that Homeland acted in a manner to warrant the imposition of attorney fees. See generally *Pone v. Barbre*, 57 Ga. App. 684, 690 (3) (196 SE 287) (1938). Accordingly, the state court's award of attorney fees was improper.

*Judgment affirmed in part and reversed in part; case remanded with direction. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 23, 1998.

*Hays & Potter, James W. Hays, Bernard E. Potter*, for appellant.
*Simpson Law Office, Neil A. Moskowitz*, for appellee.