## LOWERY v. YAWN.

1. The plaintiff in an action for breach of warranty of title to land makes out a prima facie case when he proves that he yielded to an adverse claimant whose title was paramount to that of the defendant ; and more especially is this so when it further appears that the defendant, with notice of the adverse claim, acquiesced in its superiority, advised the plaintiff so to do, and was himself a party to an agreement whereby the plaintiff was permitted to retain possession by paying to the adverse claimant a specified sum.
2. In view of the evidence appearing in the record, the court erred in granting a nonsuit.

Submitted May 22, — Decided June 6, 1900.

Action for breach of warranty.　Before Judge Smith.　Telfair superior court.　October term, 1899.

*E. D. Graham*, for plaintiff.
*Eason & McRae* and *D. M. Roberts*, for defendant.

LEWIS, J.　Lowery brought suit in Telfair superior court against Yawn, to recover damages for a breach of warranty in a deed.　It appears from the evidence in the record that Yawn, on March 5, 1889, conveyed a certain lot of land to the plaintiff, containing the following warranty of title: "And the said party of the first part the said bargained property above described unto the said party of the second part, his heirs, executors, and administrators, and administrators and assigns, against the said party of the first part, his heirs, executors, administrators, and assigns, and against all and every other person or persons, shall and will and does hereby warrant and forever defend by virtue of these presents."　Plaintiff introduced testimony showing a complete chain of title to the land covered by his deed in Norman W. Dodge under a deed dated June 9, 1888, from George E. Dodge.　This title was traced back by competent evidence to the original plat and grant from the State of Georgia to Peter J. Williams, conveying the land in question on February 7, 1834.　Plaintiff testified that Yawn made him a deed at the time it was dated, for which he paid him $250.00, the amount therein stated.　He opened a farm on the lot, built a dwelling-house, and resided there.　In two or three years after taking possession, the agents of Norman W. Dodge entered upon the land without plaintiff's con-

sent, boxed the timber for turpentine purposes, worked the timber for such purposes for two years, and then cut all the sawmill timber on the land and carried it away. They boxed every tree large enough to contain a turpentine-box, and chipped the boxes once a week during turpentine season, and dipped the gum from the boxes. They entered on the land and boxed it in 1891. Yawn never gave plaintiff any of the back deeds. He promised to defend his title to the land. He spoke to Yawn about the agents of Dodge entering upon the land, and Yawn said he would stop them, but he never did so. Yawn then went and compromised with Dodge, and advised plaintiff to go and fix up the papers with Dodge. Yawn claimed some other lots in the same district, to which Dodge claimed title, and he said he compromised with Dodge as to the other lots, and advised plaintiff to make terms as to the lot in question. Yawn told plaintiff he could settle with Dodge for $100.00. After that plaintiff bought the lot in question from Dodge and paid him $100.00 for it. At the time he bought the lot from Yawn it was well timbered, and the turpentine and mill timber on it was about two thirds of the value of the whole lot. Yawn employed attorneys to stop the agents of Dodge from cutting the timber on the land, and they filed suit; but plaintiff was not present when they made the compromise with Dodge as to the lot of land. After the close of plaintiff's evidence, the defendant's counsel moved for a nonsuit. This motion was sustained, on the ground that the evidence was not sufficient to authorize a recovery. Upon this judgment error is assigned in the bill of exceptions.

1. Counsel for defendant in error contend that the evidence showed plaintiff in error voluntarily yielded to an outstanding claim without any legal proceeding being brought against him, and was not entitled to a recovery. Civil Code, § 3617, declares: "In suits for breach of warranty the burden of proof is on the plaintiff, except in cases where outstanding incumbrances have been paid off, or possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." In the case of *Clements* v. *Collins*, 59 *Ga.* 124, it was held: "In a suit upon warranty of title to land, unless it can be ascertained from the evidence that title paramount

has been asserted against the warrantee or some person claiming under him, and that he has yielded to it, or is in a situation requiring him to yield presently, as matter of legal duty, no breach is established — certainly not, if a judgment in ejectment, rendered without notice to the warrantor, is relied upon." In the case of *Haines* v. *Fort*, 93 *Ga.* 25, it was simply decided : "Upon the trial of an action for breach of warranty of land, eviction of the plaintiff under paramount title is not sustained by mere proof that he was sued in ejectment, that a verdict and judgment were rendered against him, and that he surrendered possession in obedience to the judgment, there being no evidence that his warrantor had any notice of the ejectment suit, or any opportunity to defend it, and none as to the title under which the plaintiff was ejected, or the time when that title originated." These are the authorities relied upon to sustain the correctness of the ruling of the judge below in granting the nonsuit. But we do not think they have any application whatever to the facts in this case. It does not necessarily follow that because one has been ejected from land by judgment of court, he can recover damages for breach of warranty on the part of his grantor. Should one suffer such a judgment to go against him without notifying the warrantor, he does so at his own risk, and the judgment itself, when the warrantor is not notified to defend, is not binding upon the latter. But it does not follow from this that a party has not a right to bring an action for a breach of warranty without suffering such a lawful eviction by proceedings at law which would necessarily bind the warrantor. The right to sue for a breach of warranty is clearly recognized by the Civil Code, §§ 3556, 3804. Of course, the burden of proof is upon the plaintiff when he brings his action for damages for a breach of warranty in a deed to land. If he has been evicted by judgment, after notifying the warrantor before its rendition to protect his title, such a judgment would make out at least a prima facie case in his favor. A judgment, without such notice, as above seen, would amount to no proof. But even where there has been no suit in court to recover land from him, if he can show by proof that there was a paramount title outstanding against him, to which he was obliged to yield obedience, and that parties had taken possession under that title, this in

itself would in law amount to an eviction, and would be such a breach of warranty as would authorize him to recover. Such was the proof relied upon for a recovery in the present case. It was absolutely proved by plaintiff that another party, Norman W. Dodge, had a perfect chain of title to the property in dispute; and it was further shown that Dodge had taken possession of the premises by placing laborers thereon for the purpose of obtaining turpentine and lumber for sawmill purposes. The plaintiff notified his warrantor of this possession that was being taken of his property. The warrantor promised to defend and protect him in his possession. Instead of doing this, he advised him to compromise with the holder of the legal title. The evidence is sufficient to show that the defendant acquiesced in the superiority of this title, and was himself a party to the agreement whereby the plaintiff was permitted to retain possession of the land by paying to the adverse claimant a specified sum.

It is a well-recognized rule of law that it is not necessary that a tenant should be forcibly ejected or dispossessed of demised premises by process of law in order to maintain his action for a breach of warranty. We quote the following from 11 Am. & Eng. Enc. L. (2d ed.) 480 – 1: "As has been seen, an eviction by title paramount arises where a third person establishes a title to the demised premises superior to that of the landlord, and gains possession by virtue of that title. It is not necessary that the tenant should be forcibly ejected or dispossessed of the demised premises by process of law, but he may peaceably yield possession to the person who has the superior title or who has been adjudged to be entitled to the possession, and treat himself as having been evicted." To this text are cited quite a number of authorities from various States. In Martindale on Conveyancing, § 170, it is stated: "It has been said that, to authorize a recovery upon the covenant of warranty or quiet enjoyment, there must be an eviction, the technical meaning of which is dispossession by judgment of law. But by the weight of authority, and upon principle, nothing more is necessary to sustain an action than an ouster by title paramount, or lawful disturbance. Thus, if one having a legal claim seeks to enforce it by expelling the tenant in possession, it is not necessary for him to wait for a judgment and actual eviction by process of

law. He may yield possession to one who has his paramount title, and claim for a breach of the covenant." The same principle is also announced in 2 Greenleaf on Evidence, § 244. These principles would certainly apply to the present case, where not only such paramount title has been shown, and possession forced thereunder, but the warrantor of plaintiff's title by his conduct recognized the superiority of the claimant's title, and was instrumental in bringing about a compromise between the plaintiff and this claimant.

2. In view of the evidence appearing in the record, the court clearly erred in granting a nonsuit.

*Judgment reversed. All concurring, except Fish, J., absent.*