## 15066. ROWAN v. NEWBERN.

1. "The purchaser of lands obtains with the title, however conveyed to him, at public or private sale, all the rights which any former owner of the land, under whom he claims, may have had by virtue of any covenants of warranty of title . . contained in the conveyance from any former grantor, unless the transmission of such covenants with the land is expressly negatived in the covenant itself." Civil Code (1910), § 4192. The purchaser at an official sale of real estate, legally made by an administrator, with reference to a covenant of warranty made by the former owner, "is put in the same situation that the intestate was in." *Redwine* v. *Brown*, 10 *Ga.* 311 (11), 320. Where an administrator applied to the ordinary for leave to sell all the lands of the estate of an intestate including a described tract, and, after citation, an order was granted accordingly and the tract sold, the fact that so far as this tract was concerned the administrator, at the time of the petition, the order, and the sale, had only an interest evidenced by a bond for title from the vendor to the intestate, with part of the purchase-money paid, would not invalidate the sale and prevent the purchaser of the particular tract from maintaining an action against the original vendor on a breach of warranty of title, where immediately following the administrator's sale the purchaser paid the full purchase price, and the administrator paid to the vendor the balance of the consideration due under the bond for title, the vendor thereupon executing to the administrator a deed containing the warranty of title, and the administrator on the same date executing a deed to the purchaser.

2. "In suits for breach of warranty the burden of proof is on the plaintiff, except in cases where outstanding incumbrances have been paid off, or possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." Civil Code (1910), § 4197. "Even where there has been no suit in court to recover land from" the plaintiff, "if he can show by proof that there was a paramount title outstanding against him, to which he was obliged to yield obedience, and that parties had taken possession under that title, this in itself would in law amount to an eviction, and would be such a breach of warranty as would authorize him to recover." "It is not necessary that the tenant should be forcibly ejected or dispossessed of the demised premises by process of law, but he may peaceably yield possession to the person who has the superior title." *Lowery* v. *Yawn*, 111 *Ga.* 61, 63, 64. In the trial of the instant action for damages for a breach of warranty, the evidence as to the previous proceedings brought by the plaintiff in the city court against another for damages on account of timber trespass, and the verdict and judgment for the defendant in that suit, were material only as a part of the history of the case, showing why and how the plaintiff had yielded possession or claim of the tract in question to the successful defendant in that suit, and did not establish or tend to establish that such person held a paramount title, but the burden was upon the plaintiff to establish otherwise such alleged paramount title.

3. The effect of a recorded deed which has not been attested as required by law to entitle it to registration is the same as if the deed had not been

recorded.   *McCandless* v. *Yorkshire Corporation*, 101 *Ga.* 180 (4) (28 S. E. 663).

4. "Constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof.   In such a case, the law construes the possession to extend to the boundary of the tract."  Civil Code (1910), § 4166.   "Possession under a duly recorded deed will be construed to extend to all the contiguous property embraced therein."  Civil Code, § 4167.   This latter section, first codified as section 3587 in the Code of 1895, has evoked the question, as yet apparently undetermined in its applications, as to whether and under what circumstances possession under an unrecorded deed executed since 1895 will ripen into a prescriptive title.   Powell on Actions for Land, §§ 310-313, notes and cases cited; *Roberson* v. *Downing Co.*, 120 *Ga.* 833 (48 S. E. 429, 102 Am. St. Rep. 128, 1 Ann. Cas. 757), reviewing cases.   But, "waiving all considerations as to the effect of the Code of 1895 on the subject of the essentiality of recordation of a deed as to constructive possession, in the case of a deed executed *prior* thereto record of it was not necessary in order for it to operate as color of title so that possession of a part of the tract of land covered by it would extend to the limits of the tract described in it.  (a) The possession of a person having paper title to a designated lot of land laid out by official survey, which is traversed by a stream, and who is only in possession of the part of the lot on one side of the stream, will be construed to extend to the boundaries of the lot." *Dodge* v. *Cowart*, 131 *Ga.* 549 (3 *a*), 550 (62 S. E. 987).   The jury in the instant case found for the plaintiff.   On the issue as to whether the plaintiff had yielded to an outstanding paramount title, the evidence was such as to demand a verdict for the plaintiff, since it indisputably appears that a good prescriptive title by seven years possession under an unrecorded deed had ripened, long prior to the date when the plaintiff acquired his deed, in favor of the one to whom the plaintiff surrendered his claim.   Consequently it is unnecessary to consider the exceptions with reference to that question presented in the defendant's motion for a new trial, and it is only necessary to determine the exceptions relating to the value of the part of the property the title to which had failed, as to which the evidence was conflicting.

5. "Upon a covenant of warranty of title to land, the damages should be the purchase money with interest thereon from the time of sale, unless the jury should think, under the circumstances of the case, that the use of the premises was equal to the interest on the money, and that such equitable set-off should be allowed."  Civil Code (1910), § 4400.   Where the title to only a portion of the land conveyed has failed, the damages are fixed on the basis of the proportionate value that such part bears to the purchase money paid for the whole.   The court properly charged in effect the language of the code and this principle, and the reference to the allowance of a set-off to the defendant could not have been injurious to him.   The amount of the verdict was authorized by the evidence.

DECIDED MAY 17, 1924.

Action for breach of warranty; from Cook superior court—Judge Dickerson.   September 18, 1923.

*W. D. Buie, R. A. Hendricks,* for plaintiff in error.

*William Story, John P. & Dewey Knight,* contra.

JENKINS, P. J.   The tract in question was a part of the lands conveyed by the deed of Rowan to an administrator and by the administrator to the plaintiff.   This part consisted of 47-½ acres, located in the northeast corner of lot No. 227 in a stated district and county, bounded on the south and west by "the run of Bushy creek."   The alleged paramount title held by Tyson was based on a deed from Young dated December 8, 1884, bearing entry of record January 22, 1904.   There being no official witness, this record, however, was void and ineffective.   The deed to Tyson purported to convey the entire north half of lot No. 227, including the 47-½ acres in controversy.   The undisputed testimony of Tyson showed that under this deed he went into possession of the lower portion of the tract in 1887, built a house, and cleared up 25 or 30 acres of land, on which he had made crops continuously each year since that time without intermission.   This actual adverse possession of a part of the lot under paper title was sufficient to extend constructive possession to the northern boundary of the lot, including the 47-½ acres, and thus to ripen into a good prescriptive title after seven years, viz. in 1894, unless the ripening of such prescription was defeated or interrupted by one of the recognized exceptions.

The defendant claimed under deeds to himself and to his grantors, covering the tract in question, but failed to show a good paper title; the original deed to his grantors being executed November 21, 1891, several years subsequent to the deed held by Tyson, and being recorded February 5, 1898.   The defendant's deed to the administrator containing the warranty, and the deed by the administrator to the plaintiff, were made November 5, 1912.   There was testimony elicited on cross-examination of the plaintiff to the effect that there had been some cutting and "turpentining" of timber on the 47-½ acres by the plaintiff's predecessors in title, since the deed was made to the plaintiff and during the alleged ownership of the defendant and his grantors; but the periods and dates of this cutting were not fixed, so as to show an interference with the exclusiveness of Tyson's prior and continued possession up

to the time that his prescriptive title had ripened. The evidence as to turpentining was likewise wholly insufficient to raise an issue for the jury. Although the plaintiff testified that such work "was going on for a number of years, probably 20,—I don't know about that," elsewhere stating that it was "12 or 15 years" while the plaintiff and his predecessors "had it" (the suit being filed in 1918, and the testimony given at the trial in 1921), there was not only a failure to show the nature, openness, and extent of the acts of "turpentining," so as to present an issue for the jury whether these were sufficient to interfere with the exclusiveness and continuity of Tyson's possession (*Flannery* v. *Hightower,* 97 *Ga.* 592 (3), 606, 25 S. E. 371; *Walker* v. *Steffes,* 139 *Ga.* 520 (3, 6-7, 9 *b*), 77 S. E. 580; *Mitchell* v. *Crummey,* 134 *Ga.* 383 (6), 387, 67 S. E. 1042), but also a failure to identify or fix the time when such "turpentining" began and ended, or any fact to indicate that it commenced as early as or prior to 1894, by which time the possession and prescriptive right of Tyson under his older, though unrecorded, deed had become complete. His title being thus perfected and his possession of the premises continuing, the subsequent acts of the defendant and his predecessors with reference to the timber, so far as shown by the evidence, would not defeat such title.

*Judgment affirmed. Stephens and Bell, JJ., concur.*