25018.   LONG *v.* SULLIVAN.

DECIDED DECEMBER 21, 1935.

*A. B. Conger,* for plaintiff in error.

*M. E. O'Neal, J. C. Hale,* contra.

JENKINS, P. J.   Suit was brought on a covenant of warranty of title, in the usual unrestricted form, to recover the proportionate part of the purchase-price on account of a 38.84 acre deficiency in the land conveyed.   The deed containing the warranty was executed by Long, the defendant, to Sullivan, who in turn executed a warranty deed to the plaintiff, Mrs. Sullivan, his sister-in-law. The description of the property was: "all 150 acres of land on the east side of lot of land No. 121 in the 20th district of Decatur County, Georgia," with further identification.   Long did not dispute that the alleged deficiency existed, or that it would not constitute a breach of the terms of the covenant of warranty.   His answer set up, and the evidence showed without dispute, that, about five years before the execution of the deeds involved, he and the plaintiff's grantor, Sullivan, had agreed to buy from the superintendent of banks, then in charge of a liquidating bank, two tracts of land, one of 200 acres in lot 82, which Long wished to acquire; and the other, the supposed 150 acres in lot 121,

which Sullivan wished to acquire; and that in order to save expense, and as an accommodation to Sullivan, it was agreed between him and Long that the deed to both tracts should be made to Long alone. Sullivan was to pay to Long $8 an acre for his supposed 150 acres. A portion of Sullivan's part of the purchase-price was not paid; and Long executed a bond to convey to him title to the property upon his payment of the balance due. Sullivan made no further payment; and Long had to advance all the balance of the purchase-money for the tracts. The bond for title was assigned by Sullivan to a local bank, to secure an indebtedness of $516.57, evidenced by his note, which was indorsed by Long. The evidence conflicted as to whether the plaintiff or the defendant started the negotiations which were concluded by the execution of the warranty deed in question from the defendant to the plaintiff's grantor, Sullivan, expressing a consideration of $1200, and the contemporaneous execution of a warranty deed by Sullivan to the plaintiff, expressing a consideration of $1317.16. It was undisputed, however, that an actual consideration of $1348.65 was paid by the plaintiff, $516.57 of which was paid by her by direction of the defendant to the bank in extinguishment of Sullivan's note indorsed by the defendant, and $832.08 was paid directly to the defendant. No part of the consideration was paid to the plaintiff's grantor, Sullivan. The defendant made no profit in the transaction; the $832.08 paid to him representing the balance of principal previously advanced by him for Sullivan, besides only the accrued interest thereon to the time of execution of the deeds. The testimony was in conflict as to whether the plaintiff had notice of the original agreement between the defendant and her grantor, Sullivan, with the superintendent of banks, under which the defendant took the legal title as an accommodation to Sullivan. The plaintiff testified that she had no such notice or knowledge; and the defendant testified that he explained everything about the transaction to her, that she accepted it, and made no objection. The court directed a verdict for the plaintiff, and overruled a motion for new trial.

1. "The purchaser of lands obtains with the title, however conveyed to him, at public or private sale, all the rights which any former owner of the land, under whom he claims, may have had by virtue of any covenants of warranty of title . . contained

in the conveyance from any former grantor, unless the transmission of such covenants with the land is expressly negatived in the covenant itself." Code of 1933, § 29-301; *McEntyre* v. *Merritt,* 49 *Ga. App.* 416, 418 (175 S. E. 661), and cit.

2. In the absence of fraud or mistake, parol evidence is generally inadmissible to contradict or vary the effect of an unlimited and unrestricted covenant in a deed generally warranting the title to the conveyed land. *McCall* v. *Wilkes,* 121 *Ga.* 722 (2) (49 S. E. 722); 7 R. C. L. 1199, § 128.

3. In the instant action for damages on account of a deficiency in acreage, brought against a grantor who, on the date the property was conveyed to the plaintiff, had conveyed it by warranty deed to the person conveying to the plaintiff, the general warranty of title in the deed executed by the defendant was a covenant running with the land, the benefit of which accrued to the plaintiff. This is true even though the legal title had been taken by the defendant merely as an accommodation to the plaintiff's grantor, where the evidence failed to show that there was any agreement or understanding between the plaintiff and the defendant that the plaintiff was to occupy the status of her grantor by taking over the contract made between him and the defendant. While the evidence was in dispute as to whether the plaintiff had knowledge of the nature of the agreement between her grantor and the defendant, and as to whether she or the defendant started the negotiations under which she bought the property, it was undisputed that she made in her own behalf a separate and independent trade with the defendant, under which she paid by his direction a note indorsed by him for her grantor, and paid to the defendant not only the principal but the interest on the money advanced by him in taking the legal title in himself for the benefit of the plaintiff's grantor. Whether or not, if the plaintiff's grantor had thus paid the consideration, he would be estopped, under his agreement with the defendant, from claiming damages for the breach of the warranty of title contained in the deed to him from the defendant, the facts fail to show such an estoppel against the plaintiff. It appears that the plaintiff's grantor, by acquiescing in the trade between the defendant and the plaintiff and executing the deed to her, merely abandoned his rights; that the plaintiff's grantor received no part of the money paid by the plaintiff; that

he requested the defendant to execute the deed directly to the plaintiff, but the defendant declined because of an outstanding bond for title, made by the defendant to the plaintiff's grantor and held by a bank as security; that the defendant procured the execution of the deed from the plaintiff's grantor to the plaintiff simultaneously with his own deed to the plaintiff's grantor; and that the defendant received from the plaintiff the valuable consideration of obtaining from her the *interest* besides the principal which he had previously advanced for the plaintiff's grantor, and the discharge of the defendant's indorsement on a note of the plaintiff's grantor. Had the plaintiff failed to pay the money, which her grantor had wholly failed to do for five years, it appears that the defendant would have had to retain the land. Therefore the plaintiff can not be held to stand merely in the shoes of her immediate grantor, so as to be bound by any estoppel which might perhaps have been asserted against him, if he, instead of the plaintiff, had sued on the express covenant of warranty contained in the deed from the defendant to him. If the defendant had desired to prevent liability on any covenant of warranty, he had merely to omit such a covenant from his deed. Having executed the instrument including the covenant of warranty, he could not contradict or vary its legal effect.

4. A verdict being demanded in favor of the plaintiff, for the foregoing reasons, the court did not err in directing the verdict for the amount sued for.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*