A97A2410. BENTON v. GAUDRY et al.
(496 SE2d 507)

RUFFIN, Judge.

Harriet Conneff Gaudry, individually and as executrix of the will of William T. Gaudry, sold certain real property ("the property") to John Haupt on November 23, 1987. Prior to the sale, attorney Rebecca Benton, who was hired by Haupt to conduct a title search, located no outstanding liens or taxes on the property. After the sale, Benton learned that Chatham County had a notice of levy against the property for unpaid 1986 taxes. Benton voluntarily paid the taxes and then sued Gaudry for unjust enrichment and breach of warranty of title. The trial court granted Gaudry summary judgment, concluding that there was no evidence to support Benton's unjust enrichment claim and that Benton lacked standing to bring the breach of warranty claim. Benton appealed, and for the following reasons, we affirm.

The evidence reveals that on November 13, 1987, Haupt entered into a sales contract for the purchase of the property from Gaudry. Benton performed the title search, locating no outstanding liens or taxes. By general warranty deed, Gaudry conveyed the property to Haupt. The deed provided that Gaudry "does warrant and will forever defend the right and title to the [property] unto [Haupt], his successors and assigns, against the lawful claims of all persons whomsoever." Also, in an Owner's Affidavit, Gaudry averred "[t]hat there [were] no pending suits, proceedings, judgments, bankruptcies, liens or executions against said owner either in [Chatham County] or any other county in the State of Georgia." Haupt purchased the property on November 23, 1987, and on that same day, sold it by general warranty deed to George and Marie Backus.

On August 5, 1988, Chatham County's notice of levy regarding the 1986 delinquent taxes was sent to the Backuses. Benton learned of the overdue taxes and contacted Gaudry and her attorney requesting that Gaudry pay the taxes. When Gaudry declined to pay, Benton inexplicably paid the taxes on August 29, 1989.

Subsequently, on August 23, 1993, Benton sued Gaudry for breach of warranty of title, unjust enrichment and attorney fees. On November 3, 1993, Haupt assigned "his claim for breach of warranty and all his rights, title, privileges and powers" in the property to Benton. Benton amended her complaint to include a claim based on the assignment. Benton, however, did not obtain an assignment of the property's current owners' interest in the breach of warranty claim until February 27, 1997, after the pretrial order in the case had been filed. According to the trial court, Benton never moved to amend the pretrial order or the complaint to incorporate this latter assignment from the Backuses.

Benton and Gaudry filed cross-motions for summary judgment. In granting summary judgment to Gaudry, the trial court ruled that the unjust enrichment claim failed because Benton "was never the owner of the property, and she has shown no evidence whatsoever that she was compelled in any way to pay the debt of the defendant." As for the breach of warranty claim, the court found that because Benton never owned the property, she had no standing. Furthermore, the court said, when she amended her complaint to add Haupt's assignment, Haupt no longer owned the property and thus had no interest to assign to her. Accordingly, because "at the time of filing, at the time of the amended complaint, and at the time of the pretrial order [Benton] did not have standing," the trial court also granted summary judgment to Gaudry on Benton's breach of warranty claim.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Initially we note that although Benton claimed she paid the taxes "[u]nder coercion and threat of power of government and figuratively speaking 'gun at head' by employees of the Tax Assessors office," we know of no statute, rule, regulation or duty that required her to pay someone else's delinquent taxes. While Haupt, who apparently employed her to perform the title search, might have a viable action against her for negligence or malpractice, Benton had no obligation to pay the taxes for the benefit of Haupt, the Backuses, or Gaudry. See *Wright v. Swint*, 224 Ga. App. 417 (480 SE2d 878) (1997); *Centrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394 (469 SE2d 466) (1996).

2. Turning to the breach of warranty claim, we first note that it is possible for an assignee of a purchaser of property to pursue a breach of warranty claim against the seller. See *Northside Title &c. v. Simmons*, 200 Ga. App. 892 (409 SE2d 885) (1991). However, it is imperative that the assignor have a viable interest to assign.

In the instant case, the evidence shows Gaudry's general war-

ranty deed and owner's affidavit amounted to a general warranty of title against all persons, which included "covenants of a right to sell, of quiet enjoyment, and of freedom from encumbrances." OCGA § 44-5-62. Chatham County's notice of levy against the property for outstanding 1986 taxes was clearly an encumbrance on the title. Accordingly, Haupt would have had the right to pursue a breach of warranty claim against Gaudry, had he not conveyed his interest in the property to the Backuses. In Haupt's general warranty deed to the Backuses, he conveyed to them the "property, together with all and singular the rights, members, hereditaments, improvements, easements, and appurtenances. . . ." Furthermore, under OCGA § 44-5-60 (a), "[t]he purchaser of lands obtains with the title . . . all the rights which any former owner of the land under whom he claims may have had by virtue of any covenants of warranty of title, of quiet enjoyment, or of freedom from encumbrances contained in the conveyance from any former grantor unless the transmission of such covenants with the land is expressly prohibited in the covenant itself." Thus, by selling the property to the Backuses, Haupt conveyed to them any interest he had in pursuing a claim for breach of warranty of title. Accordingly, Haupt's assignment of his right to pursue the breach of warranty claim was of no value to Benton.

Instead, the Backuses, as current owners of the property responsible for payment of the delinquent taxes, had the right to sue for breach of warranty, and they could have sued either Haupt or Gaudry.[1] In Haupt's deed to the Backuses, he warranted "a good and marketable title to said property with a full general warranty of title to said property against the claims of all persons whomsoever." In light of Haupt's general warranty of title, the Backuses could have sued Haupt pursuant to OCGA § 44-5-62. Or they could have sued Gaudry in accordance with OCGA § 44-5-60 (a). "Where there has been a breach of the warranty of title to land the last grantee has a right of action against and may sue his immediate warrantor, the remote or original warrantor, or any intermediate warrantor, or any or all of them in one action. [Cits.]" *Smith v. Smith*, 129 Ga. App. 618 (200 SE2d 504) (1973). Here, there were no restrictions on Gaudry's warranty of title to Haupt, nor on Haupt's warranty of title to the Backuses. Accordingly, the Backuses had all rights that Haupt possessed regarding his warranty of title, and so it was possible for them to have pursued a claim against Gaudry.

However, in this case the record does not show that the Backuses sued either Haupt or Gaudry. Rather, Benton, with an assign-

---

[1] OCGA § 48-5-9 provides that "[t]axes shall be charged against the owner of the property if the owner is known."

ment of Haupt's interest, sued Gaudry for breach of the warranty. Benton never owned the property and thus could only pursue a claim through an assignment of another's interest who had a viable right of action. Haupt, by selling the property, no longer had the right to sue for breach of warranty, and thus his assignment provided no avenue by which Benton could pursue the breach of warranty claim.

Over three years after Benton filed suit and six months after the pretrial order was filed, she finally obtained an assignment from the Backuses. However, as the trial court pointed out, Benton never sought to amend her complaint to include a claim based on the assignment or to add herself in the capacity of an assignee of the Backuses. Thus, at the time the trial court ruled on the parties' motions for summary judgment, Benton had no standing to sue for breach of warranty. Accordingly, summary judgment to Gaudry was appropriate.

3. Benton's unjust enrichment claim fails as well. " 'Where money is paid on the debt of another by a person who is under no legal or moral obligation to pay the debt, and he does not do so at the instance, request, or consent of the debtor, and the debtor does not ratify his act as one done in his behalf, or does not otherwise become liable therefor, it is a voluntary payment, and the person making the payment cannot recover from the debtor.' [Cits.]" *Ginsberg v. Termotto*, 175 Ga. App. 265, 267 (1) (333 SE2d 120) (1985).

There is no evidence that Gaudry asked Benton to pay the taxes or consented to Benton's payment. There is further no indication that Gaudry ratified Benton's payment as one done on Gaudry's behalf. Finally, and most importantly, as we pointed out in Division 1, we find no evidence that Benton was under any legal or moral obligation to pay the debt. She paid the taxes voluntarily, and thus cannot recover from Gaudry. *Ginsberg*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 28, 1998.

*Rebecca C. Benton*, pro se.
*Karsman, Brooks & Callaway, Dana F. Braun*, for appellees.