**QUITMAN CHURCH'S CHICKEN, INC., et al. Plaintiffs,**

v.

**CHICAGO TITLE INS. CO., et al., Defendants.**

**No. 7:99–CV–107 (WDO).**

United States District Court, M.D. Georgia, Valdosta Division.

April 18, 2000.

Berrien L. Sutton, Homerville, GA, for Church's Chicken, Inc., Aurora Satellite Communications, Inc.

J. Holder Smith, Jr., Valdosta, GA, for Chicago Title Insurance Company.

William P. Langdale, Jr., Valdosta, GA, for Pizza Hut of Florida, Inc.

William Edward Holland, Valdosta, GA, for Property Management Corp.

### ORDER

OWENS, District Judge.

Before the Court are Plaintiffs' Motion to Remand Removal By Chicago Title In-

surance Company ("Chicago Title") and Plaintiffs' Motion To Remand Removal By Pizza Hut of Florida, Inc. ("Pizza Hut").

### I. Background

This action arises out of a sale of real property located in Quitman, Georgia. On September 15, 1998, Pizza Hut and Plaintiff Aurora Satellite Communications, Inc. entered into an agreement for the purchase and sale of real property known as 1204 West Screven Street. Plaintiffs contend that Pizza Hut agreed to convey to them an improved tract of real property and an adjacent unimproved lot. The parties closed and a warranty deed was prepared. The deed and legal description were forwarded to Chicago Title Insurance Company for review. The legal description attached to the warranty deed included the unimproved lot. A limited warranty deed was recorded in Brooks County, Georgia on December 14, 1998.

Defendants argue that Pizza Hut had conveyed the unimproved lot to Property Management Corp. ("Property Management") by a warranty deed dated September 1, 1991. This deed had been properly recorded prior to 1998.

On June 7, 1999, Property Management entered into a contract with Atlantic Financial Group, Ltd. to sell the unimproved lot for $135,000.

On July 27, 1999, Plaintiffs filed suit in the Superior Court of Clinch County, Georgia. Plaintiffs claim that Defendants have refused to transmit title to Plaintiff Quitman Church's Chicken, Inc. ("Quitman Church's"), have refused to clear the record title to the property, and have trespassed upon property owned by Quitman Church's. Plaintiffs claim $74,000 in damages. Pizza Hut filed a notice of removal on September 8, 1999, and Chicago Title filed a notice of removal on the following day.

1. At the time of the suit, the amount in controversy requirement was a value greater than $50,000.

### II. Discussion

#### A. Amount in Controversy

Plaintiffs argue that because they demanded $74,000 in their complaint, Defendants have improperly removed the case from state court. Defendants state that the amount in controversy is more than $75,000 ·because Property Management has entered into a contract to sell the unimproved lot for $135,000 and because Plaintiffs' attorney demanded settlement of $445,000.

The Eleventh Circuit addressed a similar situation in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir.1994). In that case, the plaintiff had filed state law claims in state court, and had requested $45,000 in damages. The defendant removed the claim to federal court, and plaintiff sought to remand for lack of subject matter jurisdiction.[1] The plaintiff had admitted to the district court that she might, if circumstances changed, amend her initial complaint in the future and seek more damages. *See id.* at 1093. The court noted that no jurisdiction existed on the face of the plaintiff's claim. *See id.* at 1095. The court found that "the critical question [was] to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum?" *Id.* In answering this question, the court decided that it would "assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception." *Id.* The court held that the "defendant must prove to a legal certainty that plaintiff's claim must exceed $50,000." *Id.* "This strict standard is consistent with case law and [C]ongress' policy of limiting federal diversity jurisdiction." *Id.* at 1095–96.

In determining whether a plaintiff's claim exceeded the jurisdictional threshold, the district court must give the plaintiff's

claim deference. *See id.* at 1096. The Eleventh Circuit found that the defendant's allegations that the plaintiff might raise her demand were conclusory. The court held that the possibility that the plaintiff might seek or recover more damages is insufficient to support federal jurisdiction. *See id.*

Plaintiffs' complaint alleges that Defendants have trespassed upon a portion of property owned by Quitman Church's. Plaintiffs demand damages from Defendants for a total of $74,000 and claims that Defendants are joint obligors, joint warrantors, joint tortfeasors, and joint trespassers. Plaintiffs assert a specific claim in their *ad damnum* clause for less than the jurisdictional amount. On its face, the Court does not have jurisdiction over this case. *See Burns,* 31 F.3d at 1095.

Defendants assert that "ample evidence" exists that proving that Plaintiffs' damages were in excess of the amount claimed. The ample evidence arguably exists as the letter from Plaintiffs' attorney seeking $455,000, and as a contract to sell the unimproved lot for $135,000.

The request for $455,000 was an alternative to the remedies sought by Plaintiffs in this lawsuit. Plaintiffs' counsel stated that $455,000 would restore the Plaintiffs to the position it was in before the sale. The $455,000 figure represented the sum of the purchase price, interest, costs incurred from renovating the building, franchise fees, and other post-conveyance expenses. *See Letter from Berrien Sutton to Donna Hightower of July 7, 1999* at 2. Plaintiffs'

suit does not seek a forced sale of its property, nor does it seek the expenses that comprise the $455,000 figure quoted in the letter from Plaintiffs' attorney. Therefore the Court cannot agree with Defendants' suggestion that the amount in controversy is $455,000.[2]

■ Defendants offer evidence that, on June 7, 1999, Defendant Property Management entered into a contract with Atlantic Financial Group, Ltd. to sell the unimproved lot for $135,000. Plaintiffs argue that Pizza Hut had conveyed the unimproved property to Property Management for $1,000 or less.[3] *See Plaintiffs' Motion To Remand Removal By Chicago Title Ins. Co.* ¶ 3. Plaintiffs offer evidence that the unimproved lot had a market value of $45,000 on December 14, 1998. *See David Palmer Bivins Aff.* ¶ 6. Plaintiffs' evidence suggests that the improved lot is worth more than the unimproved lot. *See id.* ¶ 7.[4]

■ Georgia law would likely not allow Plaintiffs to seek a recovery of an amount greater than $75,000. "Where the title to only a portion of the land conveyed has failed, the damages are fixed on the basis of the proportionate value that such part bears to the purchase money paid for the whole." *Rowan v. Newbern,* 32 Ga. App. 363, 364, 123 S.E. 148 (Ga.Ct.App. 1924). *See also Ga.Code Ann.* § 44–5–66 (1991) (damages should be the purchase money with interest). Plaintiffs paid $123,000 in 1998 for what was believed to include both the improved and unimproved lots. Defendants have not shown that the

---

**2.** Plaintiffs offered to settle the claim for $74,000. As the Eleventh Circuit noted, while a *settlement offer "by itself, may not be determinative, it counts for something." Burns,* 31 F.3d at 1097.

**3.** A warranty deed shows that Pizza Hut conveyed the unimproved lot for $10.00 "and other valuable consideration in hand paid." *Warranty Deed Conveying The Unimproved Lot On December 1, 1991.*

**4.** Jurisdictional facts are assessed on the basis of a plaintiff's complaint as of the time of

removal. *See Burns,* 31 F.3d at 1097 n. 13 (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Coker v. Amoco Oil,* 709 F.2d 1433, 1440 (11th Cir.1983)). The Court notes that Plaintiffs' supporting affidavit does not refer to the time of removal, but the Court finds that this evidence nonetheless creates issues of fact regarding the valuation. Therefore it cannot be said that Defendant has shown to a legal certainty that the unimproved lot is worth $135,000 or that the amount in controversy is greater than $75,000.

value of the unimproved property and any potential trespass damages necessarily exceed $75,000.

As the court in *Burns* noted, the Defendants' burden of proof is a heavy one. *Burns*, 31 F.3d at 1095. The Court notes that although Defendants have provided more proof than the defendant in *Burns*, they have failed to overcome the heavy burden that Plaintiffs' claim imposes upon them.

### B.  *Improper Consent To Removal*

The Defendants have failed to prove to a legal certainty that the amount in controversy exceeds $75,000. Therefore, the Court does not address Plaintiffs' contention that the Defendants did not properly consent to removal.

### III.  *Conclusion*

Plaintiffs' motions to remand are **HEREBY GRANTED.**